People v Meyer (2026 NY Slip Op 00758)

People v Meyer

2026 NY Slip Op 00758

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1009 KA 23-02078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vSCOTT A. MEYER, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 31, 2023. The judgment convicted defendant upon his plea of guilty of burglary in the third degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for burglary in the third degree under count 1 of the indictment to an indeterminate term of 2 to 4 years, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20) and petit larceny (§ 155.25), defendant contends that he was denied effective assistance of counsel. To the extent that defendant's contention survives the guilty plea (see People v Williams, 105 AD3d 1428, 1428-1429 [4th Dept 2013], lv denied 21 NY3d 1021 [2013]), we conclude that it lacks merit. The record establishes that defendant received a favorable plea bargain and that defendant was afforded meaningful representation (see People v Moore, 229 AD3d 1279, 1279-1280 [4th Dept 2024]). We agree with defendant, however, that the sentence is unduly harsh and severe. Defendant's conviction arises from an incident in which he stole two cans of hard iced tea from a pharmacy; defendant had previously been served with a trespass notice relating to that pharmacy and was thus prohibited from entering it. We note that defendant has no history of violence and is an addict with mental health issues who steals to get money for drugs and alcohol. Under the circumstances of this case, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed for burglary in the third degree under count 1 of the indictment to an indeterminate term of 2 to 4 years.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court